FEATHERSTON v. MICHIGAN NATIONAL BANK.

Banks and Banking—Special Deposit—Evidence.

> Finding of fact by trial court that bank depositor had deposited
> $2,276 as a special deposit to cover check drawn to plaintiffs
> in the amount of $2,245 before defendant bank had demanded
> payment of notes or surrender of automobiles *held*, not against
> clear preponderance of the evidence under record presented,
> showing, among other things, that deposit was made on day
> following presentation of check for payment and notice to
> drawer and deposit made was a few dollars in excess of check
> but much less than amount owed defendant.

Appeal from Genesee; Elliott (Philip), J. Submitted June 8, 1956. (Docket No. 42, Calendar No. 46,801.) Decided October 1, 1956.

Assumpsit by Eugene Featherston, also known as Gene Featherston, and Pat Stoglin against Michigan National Bank for the City of Flint, Michigan, a national banking association, for sums due on check written by one of its depositors. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Milton R. Henry,* for plaintiffs.

*Hoffman & Rubenstein (Gilbert Y. Rubenstein,* of counsel), for defendant.

DETHMERS, C. J. Stripped of questions raised which are without substantial merit, the one to be determined on appeal is whether the evidence clearly preponderates against the court's finding that $2,276 delivered to defendant bank by one Ormstead was so delivered with the intent and purpose, understood by both, that it was to be used by the bank to pay a $2,245 check drawn on it by Ormstead in favor of plaintiffs, and that, accordingly, under *Gillen* v. *Wakefield State Bank,* 246 Mich 158, it became a special deposit for that purpose, impressed with a

trust in favor of plaintiffs, which the bank could not then apply on Ormstead's indebtedness to it.

Ormstead was not a witness at trial and there is no testimony from him as to the purpose of his delivery of the money to defendant or his directions given it in connection therewith. Defendant's employees who appeared as witnesses did not testify concerning directions given by him in that regard. Defendant relies, rather, on the contention that plaintiffs failed to sustain the burden of proving that Ormstead made a special deposit for the purpose found by the court and that the circumstances under which the bank received the money refute that idea. In support of the latter, defendant points to proofs that it had held notes of Ormstead, secured by chattel mortgages on 3 automobiles, that, after evidences of fraud on his part, the bank had demanded payment of the notes or surrender of the automobiles, and that thereafter he delivered said money to the bank. Defendant cites a page in the printed record as setting forth proof that such demand preceded the delivery of the money to it. Examination of that and the other pages of the record fails, however, to disclose such proof. The trial court found as a fact that delivery of the money to the bank preceded that demand. This point is significant as bearing on Ormstead's intent and purpose in delivering the money to the bank, whether it was for payment of plaintiffs' check or application on defendant's notes. Evidence, including a letter written by one of defendant's officials to Ormstead, supports the court's finding in this respect. Plaintiffs rely on proof that when they presented their check to defendant for payment, which was refused because of insufficient funds on deposit by Ormstead, one of defendant's officials called Ormstead by telephone to tell him that the check had been presented and that he should bring in money to cover it, and that, on the following day,

he delivered the money in question to the bank, in amount just a few dollars in excess of the check but nowhere near the amount due defendant on the notes. In view of these and other proofs, we cannot say that the court's finding on the crucial question was against the clear preponderance of the evidence.

Affirmed, with costs to plaintiffs.

SHARPE, SMITH, EDWARDS, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.